David B. BUSH, Appellant,

v.

UNITED BENEFIT FIRE INSURANCE COMPANY, Appellee.

No. 19743.

United States Court of Appeals Fifth Circuit.

Jan. 3, 1963.

Rehearing Denied Jan. 24, 1963.

Richard T. Trexler, New Orleans, La., for appellant.

Margot Mazeau, Normann & Normann, New Orleans, La., for appellee.

Before RIVES, CAMERON and BELL, Circuit Judges.

RIVES, Circuit Judge.

The original complaint in this action was filed by the United States for the use of several laborers and materialmen against the Maryland Casualty Company as surety upon a contractor's payment bond under the Miller Act, 40 U.S.C.A. § 270a, et seq. Maryland filed a counterclaim in the nature of interpleader against David B. Bush, d/b/a Bush Tractor Company, and many others, praying that they be required to interplead their respective claims. Maryland also filed a third-party complaint against a subcontractor and United Benefit Fire Insurance Company, surety on a conventional payment bond furnished by the subcontractor. Bush filed an answer and counterclaim against Maryland and others, "and in the alternative and only in the event that recovery is denied against Maryland Casualty Company" against United Benefit and others. The district court sustained the motion of United Benefit to dismiss the counterclaim filed against it by Bush. Bush now attempts to appeal from that order.

The district court, at the time of its order, made no determination that there is no just reason for delay nor direction for the entry of final judgment as permitted by Rule 54(b), Federal Rules of Civil Procedure. Under that Rule the order from which this appeal is attempted is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties to the action.

The last amendment to Rule 54(b) took effect on July 19, 1961. It governs further proceedings in pending actions "except to the extent that in the opinion of the court (its) application * * * would not be feasible or would work injustice." Rule 86(d), Federal Rules of Civil Procedure. The order from which this appeal is attempted was entered March 19, 1962, and there appears to be no good reason why it should not be governed by the amendment. In the case relied on by the appellant, Rule 54(b) was not applicable because it was not in effect at the time of the appealable final decree. Dickinson v. Petroleum Conversion Corp., 1950, 338 U.S. 507, 70 S. Ct. 322, 94 L.Ed. 299.

 The order is not such a final decision as will support an appeal of which this Court has jurisdiction. 28 U.S.C.A. § 1291. This Court must ex mero motu take note of its lack of jurisdiction. McManus v. Delta Fire and Casualty Co., 5 Cir., 1958, 251 F.2d 496, and many other cases cited in note 8 to 28 U.S.C.A. § 1291. See generally, 6 Moore's Federal Practice, 2d ed., Secs. 54.20, et seq., especially pp. 173 and 248.

It remains only to consider the effect of a certificate of the district court made after the case was argued and submitted to this Court on December 3, 1962, as follows:

"An order having been entered herein on March 19, 1962 for dismissal of the second cause of action as set forth in the plaintiff's counter-

claim, the Court does hereby certify that there was no just reason for delay, and did expressly direct the entry of final judgment."

While we indicated upon oral argument that we would delay decision pending the effort to obtain a certificate under Rule 54(b), that certificate does not change our opinion that the appeal should be dismissed for two reasons: First, the certificate cannot attach finality to an adjudication which does not finally dispose of a claim, and we hold that this one does not. See 6 Moore's Federal Practice, 2d ed., p. 270. Second, the district court was without jurisdiction to enter the delayed certificate. District 65, etc. v. McKague, 3 Cir., 1954, 216 F.2d 153, 155; Merritt-Chapman & Scott Corp. v. City of Seattle, Wash., 9 Cir., 1960, 281 F.2d 896, 899.[1]

The appeal is
Dismissed.

---

1. The propriety of a judgment of dismissal in a similar situation was fully discussed and sustained in King v. California Co., 5 Cir., 1955, 224 F.2d 193, rehearing denied 1956, 236 F.2d 413.