**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leonard S. BENDICKS, Defendant-**
**Appellant.**

**No. 29059.**

United States Court of Appeals,
Fifth Circuit.

March 9, 1971.

James W. Matthews, Miami, Fla. (court-appointed) for defendant-appellant.

Robert W. Rust, U. S. Atty., William A. Daniel, Jr., Harold F. Keefe, Neal R. Sonnett, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

Leonard S. Bendicks was indicted for aircraft piracy and kidnapping, in violation of 49 U.S.C. § 1472(i) and 18 U.S. C. § 1201. On motion of defendant, not objected to by the Government, the Court limited the issue for jury determination to the question of whether or not Bendicks was sane at the time of the commission of the alleged crimes. The jury found defendant sane, after which the District Judge excused the panel from further service, rendered an oral adjudication of sanity in accordance with the verdict, and ordered that the cause be set for trial on the merits.

Bendicks appeals from the adjudication of sanity, contending that the Court erred in failing to find the evidence, as a matter of law, was insufficient for a jury question, and in failing to instruct the jury at the close of the case that the evidence rebutted the presumption of sanity. He further contends that the verdict was not unanimous. We do not reach these issues because the decision appealed from lacks the finality requisite to confer appellate jurisdiction. Title 28 U.S.C. § 1291 provides in pertinent part as follows: "The

courts of appeals shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States * * *." (Emphasis supplied.) A decision in a criminal case is final for appellate purposes only when the litigation between the parties is terminated and nothing remains but enforcement by execution of what has been determined. To create finality in a criminal case it is necessary that there be judgment of conviction followed by sentence. Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 165–166, 82 L.Ed. 204 (1937); Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956). In *Berman,* cited above, the Supreme Court said, "Final judgment in a criminal case means sentence. The sentence is the judgment." 302 U.S. 211, 212, 58 S.Ct. 164, 166. The Supreme Court quoted this language from *Berman* in the later case of *Parr,* referred to above. See also Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Yeloushan v. United States, 5 Cir., 1963, 313 F.2d 303.[1]

■ The Court is informed that an Assistant United States Attorney for the Southern District of Florida has advised the Clerk of this Court that since the submission of this case the defendant has entered a plea of guilty to Count I charging violation of 18 U.S.C. § 1201 and that on March 4, 1971 defendant was sentenced by the District Court to imprisonment for a period of ten years. Under the circumstances, our decision herein is without prejudice to the rights of the defendant, if any, in this matter, should the defendant decide to appeal from the judgment of conviction and sentence of March 4, 1971, within the time prescribed by law.

Appeal dismissed.

1. We recently held in United States of America v. Roosevelt Nick Lowe, Jr., 5 Cir., 1970, 433 F.2d 349, that the interlocutory appeal statute, 28 U.S.C. § 1292

(b), pertains only to civil actions and that neither party in a criminal action may proceed under it.