James D. HODGSON, Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellee,

v.

Paul J. MAHONEY, d/b/a Mahoney's
Rocky Ledge Farm and Nursery,
Defendant-Appellant.

No. 72–1020.

United States Court of Appeals,
First Circuit.

Heard May 1, 1972.

Decided June 5, 1972.

Margaret C. Mahoney, Winchester, Mass., for appellant.

Jay S. Berke, Alexandria, Va., Atty., with whom Richard F. Schubert, Solicitor of Labor, Carin Ann Clauss, Asst. Sol., Donald S. Shire, Atty., Washington, D. C. and Albert H. Ross, Regional Sol., were on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The appellant, defending an action brought by the Secretary of Labor to enjoin violations of § 15 of the Fair Labor Standards Act, 29 U.S.C. § 215, refused to comply with a court order entered June 25, 1971, directing him to either answer interrogatories or afford the Secretary an opportunity to examine his payroll records to obtain the information sought by the interrogatories. On November 30, 1971, upon the Secretary's motion and to compel compliance, the court held appellant in civil contempt and ordered him to pay $100 for each day of continued noncompliance. In addition, the Secretary was awarded the expenses, including attorney's fees, incurred in obtaining the contempt order. In the face of appellant's continued noncompliance, on December 27 the Secretary moved for additional sanctions. On January 6, 1972, appellant filed a notice of appeal from the court's November 30 order. On January 14, the court ordered that the $3800 accrued under the prior order be paid forthwith and imposed the additional sanction of incarceration for continued noncompliance. It also granted a default "partial" judgment enjoining the appellant from violating the Fair Labor Standards Act. On appeal from this judgment appellant's attack is leveled at the two contempt orders as well as the underlying discovery order. A number of contentions are raised; we respond to all but the most frivolous and affirm.

The June 25 discovery order was a proper exercise of judicial power under Rule 37(a), Fed.R.Civ.P. The contention that it was burdensome ignores the facts that records are required to be kept, partly at least, for just such a purpose as the Secretary had, that the identical records had earlier been voluntarily turned over, and that the order specifically allowed turnover as a substitute for computation. Nor does the absence of a formal motion by the Secretary nullify the court's order. Appellant filed objections to the Secretary's interrogatories, filed his own interrogatories seeking the same information from the Secretary which the latter sought from him, and moved under Rule 37(a) to compel the Secretary to answer these interrogatories. The issue was joined, the Secretary also calling on the court for assistance. In these circumstances the appellant can claim no surprise by the court's order, and we can find no reason

328

to elevate a technical omission to the level of a jurisdictional defect.

■ Nor did the June 25 order violate appellant's fifth amendment privilege against self-incrimination. The records were sought as part of a civil suit for a period well within the statute of limitations for wilful violations, 29 U.S.C. § 255. Moreover, the payroll records sought are required to be kept and preserved in order to effectuate governmental regulation. 29 U.S.C. § 211. Consequently they have "public aspects" and do not invoke the protection of the fifth amendment. *See* Shapiro v. United States, 335 U.S. 1, 32–36, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948).

■ The November 30 contempt order was authorized by Rule 37(b) (2), Fed.R. Civ.P., to induce compliance with the June 25 discovery order. Since appellant could avoid its effect by compliance, the contempt was clearly civil in nature. Procedural requirements were fulfilled by providing appellant with notice and an opportunity to be heard, and appellant's attorney did in fact appear and oppose the order. There is no requirement that the party himself be physically present. The award of attorney's fees to the Secretary is authorized by Rule 37(b), and appellant can claim no constitutional violation on the ground that he could not have recovered attorney's fees against the Secretary. Rule 37(f) and 28 U.S.C. § 2412, which limit assessment of fees and costs against the United States, carry out the common law rule that a sovereign is liable for costs only to the extent specifically provided. It is not to be overlooked that, win or lose, the government bears all the expenses of maintaining the courts.

■■ The January 14, order was entered after appellant had filed a notice of appeal from the November 30 order. While filing a notice of appeal generally deprives the district court of jurisdiction, where the notice is manifestly deficient, e. g. by reason of reference to a nonappealable order, the district court may disregard it and proceed with the case.

Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir. 1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); Manuel San Juan Co. v. American International Underwriters Corp., 331 F.Supp. 1050, 1054 (D.P.R.1971); 9 Moore's Federal Practice (2d ed.) § 203.11, at 736–39. Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture. The November 30 civil contempt order was obviously a nonappealable interlocutory order, Fox v. Capital Co., 299 U.S. 105, 107, 57 S.Ct. 57, 81 L.Ed. 67 (1936), and thus the court had jurisdiction to enter the January 14 order. We do not regard the court's entry of "partial default judgment" on that date to have been overly harsh.

Affirmed.