**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John HITCHMON, a/k/a John Ashanti,
and Jessie Lee Fussell,
Defendants-Appellants.**

No. 77–5587.

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 1979.

---

Stephen G. Glucksman, Miami, Fla. (court-appointed), for Hitchmon.

Richard Marx, Miami, Fla. (court-appointed), for Fussell.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., Katherine Winfree, and Robert J. Erickson, James R. DiFonzo, c/o T. George Gilinsky, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before TJOFLAT and HILL, Circuit Judges, and HIGGINBOTHAM,* District Judge.

* District Judge of the Northern District of Texas, sitting by designation.

TJOFLAT, Circuit Judge:

John Hitchmon and Jessie Lee Fussell appeal judgments of conviction for intimidating an officer of the law in violation of 18 U.S.C. § 111 (1976). These judgments were entered after their second jury trial on these charges, a motion for new trial having been granted after their first convictions were affirmed by this court. We find that we must reverse and remand for yet another trial because the court below was without jurisdiction to try and convict these defendants.

The appellants were indicted on August 14, 1975. The convictions resulting from their first trial were summarily affirmed by this court. *United States v. Hitchmon*, 536 F.2d 1386 (5th Cir. 1976) (unpublished opinion, 5th Cir. R. 21). The time within which the appellants were to surrender to the marshal was extended, however, pending investigation of their allegation that the Government's witnesses had perjured themselves. A new trial was ordered on April 15, 1977 on grounds of newly discovered evidence, and on May 13 the Government filed a notice of appeal from that order. At a conference immediately preceding the start of the retrial on May 23, the following colloquy took place:

> MR. MARX [defense counsel]: Lastly, Your Honor, the Government filed an appeal from your Order granting a new trial. As of this date, I have not seen a dismissal of that appeal. I just want to be sure we are not in the posture of going forward with an appeal pending.
>
> . . . .
>
> MR. FANNING [special United States Attorney]: I have not seen [the notice of appeal]. I would have to call and find out.
>
> THE COURT: Go right ahead. We will take a brief recess.
>
> . . . .
>
> MR. FANNING: [The U.S. Attorney has] advised me that there was a Notice of Appeal filed. . . . I was just advised that the courier is coming over from the United States Attorney's office, or the Clerk's office now with a dismissal of that Notice of Appeal.

> THE COURT: Mr. Marx?
>
> MR. MARX: I have nothing further, Judge, if that is the case.
>
> THE COURT: I am prepared to call the jury panel in.

Record, vol. 6, at 16–19. Whereupon trial commenced. The motion to dismiss was not actually filed with the court until 12:14 p. m. the same day, by which time the jury had been empaneled and sworn. The motion was not acted upon until May 27, two days after the appellants had been pronounced guilty, sentenced, and taken into custody. On that date, the court entered an order granting the Government's motion to dismiss the appeal "*nunc pro tunc* May 23, 1977." *Id.*, vol. 2, at 262 (emphasis in original). At no time had the appeal been docketed in this court.

The appellants raise a number of claims of error regarding their trial. We need only discuss the jurisdictional issue. The filing of a notice of appeal ousts the district court of jurisdiction over those aspects of the cause involved in the appeal. *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1169 (5th Cir. 1978); *Bush v. United Benefit Fire Insurance Co.*, 311 F.2d 893, 894 (5th Cir. 1963) (alternative holding); 9 J. Moore, *Federal Practice* § 203.11, at 734 (1977); 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3949, at 358–59 (1977). The appeal is pending once the notice of appeal is filed, *see* Fed.R.App.P. 3, and during its pendency the district court has only a very limited power to act with respect to the matters appealed. For example, if the appeal has not been docketed, it may dismiss the appeal upon notice and motion by the appellant or upon the filing of a stipulation signed by all the parties. Fed.R.App.P. 42(a). It may not, however, proceed with plenary trial where, as here, the whole cause has been appealed.

The Government argues that the court's order of May 27, 1977 "nunc pro tunc May 23, 1977" had the effect of dismissing its appeal prior to trial. We cannot

agree. Literally translated, the latin phrase "nunc pro tunc" means "now for then." Orders may be entered nunc pro tunc to the end that the record accurately reflect what was actually done on a previous date or to protect the parties from the consequences of delay by the court not attributable to any fault on their part.[1] As recognized long ago by the Fourth Circuit:

> The rule is now well established that nunc pro tunc orders cannot operate to modify orders theretofore made or to take the place of *orders intended to be made but omitted.* The courts can by such orders supply omissions in the record of what was actually done in the cause at a former time when it was under consideration, and by mistake or neglect not entered in the clerk's minutes or the court's records; but where the court has omitted to make an order which it could have made, and in fact intended to make, it cannot subsequently make the same nunc pro tunc, so as to make it binding upon the parties to the suit from the date when it was so intended to have been entered; and especially is this so in matters relating to criminal proceedings and those involving rules for contempt.

*Ex parte Buskirk*, 72 F. 14, 20–21 (4th Cir. 1896) (citations omitted) (emphasis added). In this case, the U.S. Attorney may have intended to move for dismissal of the appeal prior to trial, and the court may have intended to grant the motion at that time, but neither of these actions was actually taken. On this record, the court's May 27 order can be given no nunc pro tunc effect. Accordingly, the court was without jurisdiction to try and convict these defendants.[2]

**REVERSED AND REMANDED.**

JAMES C. HILL, Circuit Judge, concurring:

I concur in Judge Tjoflat's Opinion for the Court and also in the remarks of Judge Higginbotham in his concurring opinion.

PATRICK E. HIGGINBOTHAM, District Judge, concurring:

In concurring in this reversal I bow to the control of earlier panel decisions but write separately to question their wisdom. We hold today that the filing of a notice of appeal of an unappealable order automatically divests the trial court of all jurisdiction. We reach a conclusion whose impact on criminal justice can only be described as Sisyphean. A second criminal trial and conviction is held for naught because a notice of appeal that no one intended to pursue was not timely and formally abandoned. The untoward consequence of this rigidity is plain. If this were a clean slate or if earlier and differently focused decisions were distinguishable I would take a less rigid view of the concept of jurisdiction and hold that the filing of a notice of appeal of an unappealable order does not render void acts of the trial court taken in the interval between that filing and the determination by the court of appeals that it lacks jurisdiction.

1. As to the latter point, see, e.g., *Mitchell v. Overman*, 103 U.S. 62, 64–65, 26 L.Ed. 369 (1880) (entry of judgment nunc pro tunc upheld where plaintiff had died after the case was argued and submitted to lower court but before actual rendition of judgment).

2. Ordinarily, the granting of a motion for new trial is not an appealable order. *See United States v. Sisson*, 399 U.S. 267, 289–92 & n.20, 90 S.Ct. 2117, 2129–31, 26 L.Ed.2d 608 (1970); *United States v. Bendicks*, 439 F.2d 1120 (5th Cir. 1971); *Oksanen v. United States*, 362 F.2d 74, 77 (8th Cir. 1966). It has been held in civil cases that an appeal that is clearly defective, either because of untimeliness or because taken from an unappealable order, does not divest the district court of jurisdiction. *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); *Turner v. HMH Publishing Co.*, 328 F.2d 136 (5th Cir. 1964). Assuming, without deciding, that this rule applies equally to criminal appeals, it would not apply to this case. The primary rationale for the rule is to deter abuse of the appeal right by preventing a party from interrupting his opponent's entitlement to continuing trial court jurisdiction by filing a premature appeal. *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1170 n.7 (5th Cir. 1978). No such abuse appears here, nor did the district court purport to proceed on the basis that the appeal was premature.

A different result in this case would be reached by the Eighth, Ninth and Tenth Circuits.[1] If free I would follow their lead in full measure; that is, without ascribing to them a limited function of avoiding abuse by one litigant to another's right to continuing trial court jurisdiction. But this panel is not free to do so. *Bush v. United Benefit Fire Insurance Co.*, 311 F.2d 893 (5th Cir. 1963); *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978).[2]

The Tenth Circuit in *Euziere v. United States*, 266 F.2d 88 (10th Cir. 1959), *vacated on other grounds*, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720 (1960) observed:

> [A]ll of the cases hold that an appeal divests the trial court of jurisdiction over the case, but that presupposes that there is a valid appeal from an appealable order. . . . An attempt to appeal a nonappealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction. *Id.* at 91.

The Tenth Circuit view in its essentials was followed by the Ninth Circuit in *Ruby v. Secretary of the United States Navy*, 365 F.2d 385 (9th Cir. 1966) *en banc*. Both *Ruby* and *Euziere* recognized that an appellate court can possess the power to determine whether it has jurisdiction at the same time that a trial court possesses jurisdiction over the case, at least where the effort is to appeal from a clearly unappealable order.

Judge Tjoflat does suggest a possible exception to the rule of automatic loss of jurisdiction. He urges that the primary rationale for *Ruby* and *Euziere* is deterrence of ". . . abuse of the appeal right by preventing a party from interrupting his opponent's entitlement to continuing trial court jurisdiction by filing a premature appeal."[3] But finding no such abuse here, the court concludes that the notice of appeal of the motion for new trial divested the trial court of jurisdiction. This proffered exception, by attempting to mitigate the harshness of complete divestiture of jurisdiction, travels in the correct direction but is an incomplete draw upon the benefits of the rule that a notice of appeal of an unappealable order does not divest a trial court of jurisdiction. An important virtue of the *Ruby* and *Euziere* decisions is that they draw a clearly defined line between those notices of appeal that divest a trial court of jurisdiction and those that do not. The same cannot be said of our prior reasoning. Recognizing trial court jurisdiction after a notice of appeal is filed only when

---

1. See *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338 (10th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *United States v. Rumpf*, 576 F.2d 818 (10th Cir. 1978); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961); *Keith v. Newcourt*, 530 F.2d 826 (8th Cir. 1976); *Hodgson v. Mahoney*, 460 F.2d 326 (10th Cir. 1972). On the other hand, the Third, Sixth and Seventh Circuits appear to share this Circuit's view. See *Williams v. Bernhardt Bros. Tugboat Service, Inc.*, 357 F.2d 883 (7th Cir. 1966); *District 65, Distributive, Processing and Office Workers Union v. McKague*, 216 F.2d 153 (3rd Cir. 1954); *Keohane v. Swarco, Inc.*, 320 F.2d 429 (6th Cir. 1963). The other Circuits do not appear to have considered the question.

2. The result reached by the majority is mandated by this court's decision in *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978). That case involved an attempted appeal of an order disposing of less than all claims involved in the suit, one day before entry of a final order pursuant to Rule 54(b). In dismissing the appeal, the court relied upon the express provisions of the rule requiring certification prior to appeal. As an alternative ground for its decision, however the court noted that the trial court was divested of jurisdiction to enter a Rule 54(b) certification upon the filing of a notice of appeal:

> [I]t is the filing of the appeal, not the entering of the final judgment, that divests the district court of jurisdiction. 568 F.2d at 1170.

An argument can be made that the decision is bottomed upon the niceties of Rule 54, and ought not be viewed as controlling the broader question involved here. The rub is that the panel in *Kirtland* supported its result by the principle that now controls us. It did so because it was in turn bound by *Bush v. United Benefit Life Insurance Co.*, 311 F.2d 893 (5th Cir. 1963). The focus in *Bush* was upon the administrative problem presented by notices of appeal and Rule 54(b) certificates out of time harmony.

3. This rationale was put forward in *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1170 n. 7 (5th Cir. 1978), *infra* n. 2.

there is abuse would leave district court judges and litigants to guess as to who at a given moment has the power to proceed.

The idea that a notice of appeal automatically and instantly strips the trial court of all power to continue seems to contain an implicit assumption that jurisdiction ought to exist simultaneously in both the trial and appellate court only under the most narrow of circumstances. Yet, as Professor Moore has noted, the filing of a notice of appeal leaves the trial court with jurisdiction regarding appeal and supersedeas bonds, the granting or modification of injunction pending appeal, and the extending of time for transmitting the record on appeal. 9 J. Moore, Moore's Federal Practice § 203.11 (1974). These retentions of jurisdiction that find their genesis in rules of procedure are, viewed separately, relatively narrow exceptions. See, *Turner v. HMH Publishing Co.*, 328 F.2d 136 (5th Cir. 1964). Yet in the aggregate they represent a significant sharing of jurisdiction between trial and appellate courts.

Even recognition of the abuse exception involves an implicit concession that a notice of appeal does not always end trial court jurisdiction. The logical inquiry that follows the concession would seem to be into the circumstances under which both trial and appellate courts may simultaneously have jurisdiction. The view of *Euziere* and *Ruby* is that the filing of a notice of appeal of an unappealable order does not divest the trial court of jurisdiction in the interval between the notice and the appellate decision.[4] To me this view is more workable and better calculated to achieve fair results than that which we now follow. Whether an order is appealable is itself not always clear. See e. g. *United States v. Rumpf*, 576 F.2d 818 (10th Cir. 1978). But appealability is a more developed doctrine and con-

sequently a more predictable standard than abuse of appeal rights. Abuse has an inherently discrete case-by-case focus with a much greater likelihood of leaving litigants to guess as to where the power to proceed rests. Moreover, an abuse standard, by failing to account for inadvertence, that is, by not dealing with cases where the trial judge and litigants proceed on the erroneous assumption that the trial court has jurisdiction, creates pressure to read abuse expansively. That is not to say that subscribing to a standard that leaves jurisdiction with the trial court when there is an attempt to appeal an unappealable order will avoid all retrials; it is to say it ought to reduce their number. Nor does the subscription ignore the obvious circumstance that opaque standards of appealability will tend to dim the brightness of the clear line; we are talking about relative, not absolute clarity. See dissent of Judge McKay in *United States v. Rumpf*, 576 F.2d 818, 823, *supra*.

In sum, this court seems to accept the either-or idea of jurisdiction as the model to be deviated from only in extremis. This approach denies the plasticity of jurisdiction. Jurisdiction is a legal concept with sufficiently ductile properties to achieve common sense results. To hold for naught the results of a criminal jury trial for the sole conclusory reason that the trial court was divested of jurisdiction makes no sense. The question is why the power to proceed must reside only in the appellate court. We have failed to answer this question on a reasoned basis. Here there is no, or there ought to be no jurisprudential lock-step. The point is that jurisdiction is not inherently an indivisible, monolithic concept, and that, consequently, a decision as to whether jurisdiction exists in a trial or appellate court, or both, can be the product of rea-

---

4. The court in *Ruby* held as follows:

    Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. 365 F.2d 389.

    Professor Moore comments that "[t]his is a very sound resolution of the problem . . . and it should be followed generally." 9 J. Moore, Moore's Federal Practice § 203.11 (1974).

soned choice. The stability and uniformity values of stare decisis are not served by adherence to a principle that fosters uncertainty and disparate results. This reversal epitomizes and lends truth to the ideas upon which the *Ruby* and *Euziere* decisions were based.[5] We are not judicial lemmings and ought not emulate them as I fear we do by continued obedience to this "rule of jurisdiction." This panel is bound but hopefully the court en banc is not.

5. The truth of an idea is not a stagnant property inherent in it. Truth happens to an idea. It becomes true, is made true by events. Its verity is in fact an event, a process, the process namely of its verifying itself, its verification. Its validity is the process of its validation.

William James