**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John HITCHMON, a/k/a John Ashanti,
and Jessie Lee Fussell,
Defendants-Appellants.**

**No. 77–5587.**

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1979.

Steven G. Glucksman (Court-appointed), Miami, Fla., for John Hitchmon.

Richard B. Marx (Court-appointed), Miami, Fla., for Jessie Lee Fussell.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., Sidney M. Glazer, James R. DiFonzo, Washington, D. C., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, RUBIN, VANCE and KRAVITCH, Circuit Judges.*

RONEY, Circuit Judge:

A panel of this Court reversed these convictions on the ground that the district court was without jurisdiction to try the defendants because the Government had

---

* Judges Fay, Johnson, Garza, Henderson, Reavley, Politz, Hatchett, Anderson, and Randall did not participate in the consideration of or decision in this case. The case was taken under submission by the court en banc on June 5, 1979.

filed a notice of appeal from an order granting a new trial, which appeal stood undismissed at the time of trial. *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979). This Court granted a petition for rehearing *en banc*, which effectively vacated the panel opinion. Fifth Circuit Local Rule 17. Sitting *en banc*, we now decide contrary to the panel view and hold that the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by either the district court or the appellate court. Thus, the convictions here cannot be reversed on jurisdictional grounds. This being the only issue requiring the attention of the full court, the case is now remanded to the panel for determination of the other issues raised by appeal.

John Hitchmon and Jessie Lee Fussell were convicted of intimidating an officer of the law in violation of 18 U.S.C.A. § 111. Judgments of conviction were entered at a second jury trial. After their first convictions were affirmed by this Court, *United States v. Hitchmon*, 536 F.2d 1386 (5th Cir. 1976), a motion for new trial had been granted by the district court. The motion alleged that Government witnesses had perjured themselves. A new trial was ordered on April 15, 1977 on grounds of newly discovered evidence. On May 13 the Government filed a notice of appeal from that order. At a conference immediately preceding the start of the retrial on May 23, the following colloquy took place in court:

> MR. MARX [defense counsel]: Lastly, Your Honor, the Government filed an appeal from your Order granting a new trial. As of this date, I have not seen a dismissal of that appeal. I just want to be sure we are not in the posture of going forward with an appeal pending.
>
> \*   \*   \*   \*   \*   \*
>
> MR. FANNING [special United States Attorney]: I have not seen [the notice of appeal]. I would have to call and find out.

> THE COURT: Go right ahead. We will take a brief recess.
>
> \*   \*   \*   \*   \*   \*
>
> MR. FANNING: [The U.S. Attorney has] advised me that there was a Notice of Appeal filed. . . . I was just advised that the courier is coming over from the United States Attorney's office, or the Clerk's office now with a dismissal of that Notice of Appeal.
>
> THE COURT: Mr. Marx?
>
> MR. MARX: I have nothing further, Judge, if that is the case.
>
> THE COURT: I am prepared to call the jury panel in.

Thereupon, the trial commenced. The motion to dismiss was not actually filed with the court until 12:14 p. m. the same day, by which time the jury had been empaneled and sworn. The motion was not formally acted upon by the court until May 27, two days after the defendants were pronounced guilty, sentenced, and taken into custody. On that date, the court entered an order granting the Government's motion to dismiss the appeal "*nunc pro tunc* May 23, 1977." At no time had the appeal been docketed in this Court.

We pretermit the question of whether the colloquy before the court and the action of the court were tantamount to a dismissal of the appeal prior to trial and of whether a written order of dismissal thereafter should have been given *nunc pro tunc* effect. Suffice it to say that in the judgment of several members of the court, the situation did not call for the application of the automatic-divestiture-upon-filing-of-notice-of-appeal rule to the facts of this case, even if that were the rule of law to be followed. *See* Fed.R.App.P. 42(a); *Williams v. United States*, 553 F.2d 420 (5th Cir. 1977). For the purposes of this decision, however, the Court assumes that the defendants were tried by the district court after the filing of the notice of appeal and before the appeal had been dismissed.

▮ The order to which the Government's notice of appeal referred was an order granting new trial. It is well estab-

lished that an order granting new trial is generally nonappealable because it is interlocutory rather than a final judgment under 28 U.S.C.A. § 1291. *Wiggs v. Courshon*, 485 F.2d 1281, 1282 (5th Cir. 1973). The United States cannot appeal in a criminal case without express congressional authorization. *United States v. Martin Linen Supply*, 430 U.S. 564, 568, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). A Government appeal from an order granting new trial is not authorized. *See* 18 U.S.C.A. § 3731; *United States v. Sisson*, 399 U.S. 267, 291–292 n.20, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); *United States v. Alberti*, 568 F.2d 617, 621 (2d Cir. 1977); *In Re United States*, 565 F.2d 173, 177–178 (1st Cir. 1977). *Cf. United States v. Lias*, 173 F.2d 685 (4th Cir. 1949).

 ▮  The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal. *Resnick v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir. 1961); 9 Moore's Federal Practice ¶ 203.11 at 734–736 (2d ed. 1975). The district court may dismiss an appeal which has not been docketed upon signed stipulation for dismissal by all parties or upon motion and notice by the appellant. Fed.R.App.P. 42(a). After the appeal is docketed, dismissal may be effected only in the court of appeals.

The circuits disagree on whether the filing of a notice of appeal automatically divests a district court of jurisdiction. We note that most of these decisions were rendered in the context of civil appeals, many under Rule 54(b), Fed.R.Civ.P. In an appeal of a partial disposition of a case, as under 54(b), clearly some portion of the case will continue in the district court regardless of the outcome of the appeal. A decision on appeal on the granting of a new trial in this case, on the contrary, might preclude further action in the district court entirely.

As the panel opinion in this case suggests, this Circuit has adhered to a literal interpretation of the transfer of jurisdiction, holding that while an appeal was not within the appellate court's jurisdiction for lack of Rule 54(b), Fed.R.Civ.P., certification, the notice of appeal had divested the district court of jurisdiction to enter the certification after the notice had been filed. *Bush v. United Benefit Fire Insurance Co.*, 311 F.2d 893 (5th Cir. 1963). *See also Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978). *But cf. Brotherhood of Locomotive Firemen v. Seaboard Coast Line Railroad*, 413 F.2d 19 (5th Cir. 1969) (although first appeal was premature because taken from dismissal of complaint with leave to amend, this Court rejected appellees' motion to dismiss a second appeal from a dismissal with prejudice on the ground that the district court lacked jurisdiction to enter the second order due to pendency of first appeal).

Three other circuits initially took the position that a notice of appeal from a nonappealable order divests the district court of jurisdiction, but later cases weakened that stance as an absolute rule.

The rule was followed by the Third Circuit, for example, in *District 65, Distributive, Processing and Office Workers Union v. McKague*, 216 F.2d 153 (3d Cir. 1954). Subsequent opinions from that circuit, however, undermine the strength of its support. *See, e.g., Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962) (exception to divesting of district court's jurisdiction exists where appeal taken from unappealable order or judgment); *Tucker v. Reading Co.*, 53 F.R.D. 453 (E.D. Pa.1971).

The Sixth Circuit, in *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963), held that though an appeal was premature because made while a motion to amend was pending, even an appeal from a nonappealable order transferred jurisdiction so as to nullify the district court's subsequent actions. One year after *Keohane*, however, the Sixth Circuit determined that an appeal which had to be dismissed because filed while motions for judgment n. o. v. and new trial were pending did not divest the dis-

trict court of jurisdiction to proceed to final judgment. *Trice v. Commercial Union Assurance Co.*, 334 F.2d 673, 676 (6th Cir. 1964), *cert. denied*, 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801 (1965).

In *Williams v. Bernhardt Bros. Tugboat Service, Inc.*, 357 F.2d 883 (7th Cir. 1966), the Seventh Circuit concluded that the district court had no jurisdiction to enter a delayed Rule 54(b) certificate after an appeal was prematurely taken without it.

Proponents of the view that a notice of appeal from a nonappealable order does not divest the district court of jurisdiction were led by the Tenth Circuit's decision in one of the few criminal cases that dealt with the point. In *Euziere v. United States*, 266 F.2d 88, 91 (10th Cir. 1959), *vacated on other grounds*, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720 (1960), the court reasoned that:

> [a]ll of the cases hold that an appeal divests the trial court of jurisdiction over the case, but that presupposes that there is a valid appeal from an appealable order. The appeal in Case Number 17,512 pending at the time of the second trial . . . was from a nonappealable order. . . . An attempt to appeal a nonappealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction.

*See also Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–341 (10th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977) (if notice of appeal deficient by reason of untimeliness, lack of essential recitals, reference to a nonappealable order, or otherwise, district court may ignore it and proceed).

The Tenth Circuit's lead was followed by the Ninth in *Resnick v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961). Sitting *en banc*, the Ninth Circuit approved *Resnick* and overruled *Merritt-Chapman & Scott Corp. v. City of Seattle*, 281 F.2d 896 (9th Cir. 1960), a case which had been relied upon by this Court in deciding *Bush v. United Benefit Fire Insurance Co. Ruby v.*

*Secretary of U. S. Navy*, 365 F.2d 385 (9th Cir. 1966) (en banc), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). In *Ruby* the court reasoned:

> The only thing that is accomplished by a proper notice of appeal is to transfer jurisdiction of a case from a district court to a court of appeals. If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air.

365 F.2d at 388. *See also Hoffman v. Beer Drivers Local 888, Brotherhood of Teamsters*, 536 F.2d 1268, 1272 (9th Cir. 1976); *Steinert v. United States*, 571 F.2d 1105, 1107 (9th Cir. 1978).

The First Circuit, in *Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488 (1972), considered the argument that an appeal from a contempt order deprived the district court of jurisdiction to enter fines and further sanctions on the contempt order. The court responded that where the notice of appeal was "manifestly deficient" by reference to a nonappealable order, the district court could disregard it. The court observed, "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." 460 F.2d at 328. *See also Manuel San Juan Co. v. American International Underwriters Corp.*, 331 F.Supp. 1050, 1054 (D.Puerto Rico 1971).

The Eighth Circuit addressed the question of retained jurisdiction of a lower court in appeals of nonappealable orders in *Riddle v. Hudgins*, 58 F. 490 (8th Cir. 1893). Plaintiffs had appealed to the Supreme Court a lower court order setting aside an order of attachment of property. The court of appeals observed, "The order discharging the so-called 'attachment' was not a final judgment, and was not appealable, . . . and the jurisdiction of the court over the cause was not affected by anything done in relation thereto." 58 F. at 493 (citation omitted).

A more recent Eighth Circuit opinion, *Keith v. Newcourt, Inc.*, 530 F.2d 826 (8th Cir. 1976), suggests agreement. The court there rejected an appeal of a dismissal of a counterclaim without 54(b) certification while a motion for new trial was pending and noted that the district court had granted the new trial two days after filing of the appeal.

While we have found no decision by the Fourth, D. C. or Second Circuits on this issue, we note several decisions from the Southern District of New York in accordance with the predominant view. *Browning Debenture Holders' Committee v. DASA Corp.*, 454 F.Supp. 88 (S.D.N.Y. 1978); *Weisman v. Darneille*, 79 F.R.D. 389 (S.D.N.Y.1978); *Lowenschuss v. Kane*, 392 F.Supp. 59 (S.D.N.Y.1974).

We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction and that the reasoning of the cases that so hold is sound. The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.

■ The court of appeals always has jurisdiction to determine whether it has the authority to entertain and adjudicate an appeal. *USM Corp. v. GKN Fasteners, Ltd.*, 574 F.2d 17, 18 (1st Cir. 1978).

In this case the appealed order was clearly unappealable and the notice of appeal thus "manifestly ineffective." In other cases, where there is a likelihood that the court of appeals may hear the appeal, the district court, in the interests of judicial economy as well as fairness to the litigants, might well refrain from acting. *See Ruby v. Secretary of U. S. Navy*, 365 F.2d at 389.

■ In the rare case where a district court proceeded wrongly, assuming the notice of appeal to be ineffective, the appellant may seek the aid of the court of appeals by applying for a writ of prohibition under 28 U.S.C.A. § 1651. *Ruby v. Secretary of U. S. Navy*, 365 F.2d at 389; *Arthur Andersen & Co. v. Finesilver*, 546 F.2d at 341.

REMANDED TO PANEL.