PER CURIAM:
Appellant appeals the denial, without evi-dentiary hearing, of his second 3.850 motion challenging the voluntariness of his guilty plea. That motion was denied on the ground that the court previously entertained a motion for similar relief on behalf of the same prisoner. The earlier 3.850 motion, which was entertained during the pendency of a direct appeal from the judgment of conviction, was denied because the motions, files, and records in the case conclusively showed that appellant was entitled to no relief. Appellant’s direct appeal of his conviction was dismissed. This court’s order of dismissal was without prejudice to appellant’s right to file a motion for post- *764 conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, because “no direct appeal lies from a judgment and sentence based on a guilty plea, Rule 9.140(b), Fla.R.App.P., and because appellant failed to make a prior motion to withdraw his guilty plea in the court below. Robinson v. State, 373 So.2d 898 (Fla.1979).”
The issue thus presented is whether the appeal of a non-appealable order or judgment divests the trial court of jurisdiction while that appeal is outstanding and prior to dismissal of the appeal.
In his second motion for post-conviction relief, appellant referred to his earlier filed 3.850 motion only insofar as to state that it “was filed but jurisdiction was not invoked since the case was actively pending in the First DCA.” If the trial judge did not in fact have jurisdiction to entertain a 3.850 motion during the pendency of an appeal, then the grounds upon which the trial judge denied the subsequently filed 3.850 motion, which is the subject of this appeal, are in error. We find, however, that the trial judge had jurisdiction to entertain a motion collaterally attacking the judgment during the pendency of a direct appeal from an order or judgment which was clearly non-appealable. See, United States v. Hitchmon, 602 F.2d 689, 691 (C.A. 5th Cir.1979) (en banc). Accordingly, the order of the trial judge denying, without evidentiary hearing, appellant’s 3.850 motion on the ground above stated is affirmed.
MILLS, BOOTH and SHIVERS, JJ., concur.