904 F.2d 37
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James F. HAGER, Defendant-Appellant.
 No. 90-3455.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals the district court's finding that he is competent to stand trial on criminal charges. While incarcerated the defendant suffered a head injury. Subsequently he filed a motion for a determination of competency to stand trial. Following the defendant's commitment and evaluation pursuant to 18 U.S.C. Sec. 4241, the district court conducted a competency hearing. The opinion and order finding the defendant competent to stand trial was entered on May 11, and this appeal followed.
 
 
 2
 This Court has jurisdiction in appeals from all final orders of district courts. 28 U.S.C. Sec. 1291. In a criminal case, the final judgment for purposes of appeal is the sentence, and appellate review is generally prohibited until conviction and sentence. Flanagan v. United States, 465 U.S. 259, 263 (1984). Although some matters have been held to be immediately appealable as collateral orders pursuant to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), that exception has been strictly construed in criminal cases. See Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1498 (1989). We conclude that this is not an appropriate case in which to allow an immediate appeal.
 
 
 3
 An adjudication of sanity in a preliminary proceeding is not immediately appealable where the defendant may appeal the issue after conviction and sentence. United States v. Bendicks, 439 F.2d 1120, 1121 (5th Cir.1971) (per curiam); cf. Vardas v. Estelle, 715 F.2d 206, 208 (5th Cir.1983), cert. denied, 465 U.S. 1104 (1984) (no constitutional right to appeal a determination of competency to stand trial). An order committing the defendant for a determination of competency is in some cases immediately appealable. United States v. Gold, 790 F.2d 235, 238 (2d Cir.1986). However, unlike orders of commitment, competency determinations by district courts remain reviewable in an appeal from conviction and sentence. See e.g. United States v. Caraza, 843 F.2d 432, 436 (11th Cir.1988); United States v. Vamos, 797 F.2d 1146, 1150-51 (2d Cir.1986), cert. denied, 479 U.S. 1036 (1987). In the instant case the defendant may seek review of the district court's order finding him competent to stand trial in an appeal following conviction and sentence.
 
 
 4
 It is therefore ORDERED that this appeal is dismissed sua sponte for lack of a final, appealable order. Rule 9(b)(1), Local Rules of the Sixth Circuit.