[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 19, 2005
**THOMAS  K. KAHN**
**CLERK**

No. 04-14317
Non-Argument Calendar

_____

D. C. Docket No. 94-00572-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2005)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Miguel Perez, proceeding pro se, appeals the district court's denial of his

motion for a <u>nunc</u> <u>pro</u> <u>tunc</u> order indicating that his federal sentence was to run completely concurrent with his state sentence. He asserts that the district court should have issued a <u>nunc</u> <u>pro</u> <u>tunc</u> order applying the time he spent in federal custody prior to his sentencing to his federal sentence. Because the record does not show that the district court intended that Perez receive credit for time spent in federal custody against his federal and state sentences, the district court did not err in denying his motion, and we AFFIRM.

## I. BACKGROUND

Perez pled guilty to one count of robbery of United States property, 18 U.S.C. § 2112. In exchange for Perez's plea, the government agreed, <u>inter</u> <u>alia</u>, that it would "not oppose [Perez's] request that the sentence imposed [for the federal charge] run concurrently with the term of imprisonment presently being served by [Perez] in the State of Florida." R1-59 at 2. At that time, Perez was serving a 17-year state sentence for armed assault and kidnapping charges committed during a home robbery. With an offense level of 29 and, as a result of the state convictions, a criminal history of III, the probation officer calculated Perez's applicable guideline range as 108 to 135 months.

At sentencing, Perez requested that the court consider a concurrent, rather than consecutive, sentence. R4 at 42-44. The district court expressed concern that

2

state defendants were only serving about 20% of their time but ran Perez's 135 month sentence "concurrently to the state sentence knowing that Mr. Perez will do very substantial time" on the federal charge. Id. at 43, 46, 47; R1-83 at 2, R1-85. The district judge commented that, if Perez's sentence had been "a day less than 135 months," Perez's sentence would have been made consecutive. R4 at 48.

Perez moved for a nunc pro tunc order clarifying the court's intent to sentence him "to serve his federal sentence entirely concurrent" to his state sentence, and argued that the Bureau of Prisons ("BOP") unlawfully modified his sentence. R1-114. He maintained that the BOP's failure to credit him with the seven months and nineteen days that he spent in federal custody prior to his sentencing resulted in a seven-month increase to his original 135 month sentence. R1-121 at 2. The magistrate judge recommended denial of Perez's motion, and found that an award of credit was not required for a defendant sentenced under § 5G1.3(c), and that such an award was not warranted in light of the district court's concern regarding the actual amount of time that Perez would serve and its desire that Perez serve a significant amount of time. The district court adopted the magistrate judge's report and recommendation, denied Perez's motion, and denied reconsideration.

On appeal, Perez argues that the district court erred in denying his motion

3

for a nunc pro tunc order because it failed to apply § 5G1.3(b), comment. (n.2), and the order was necessary to make his sentences fully concurrent. He argues that, if the district court was aware that he actually served 65%, instead of 20%, of his state sentence, it would have granted his motion. The government responds that the district court lacked jurisdiction to grant the requested relief and that the record shows that the sentencing guidelines were properly applied, and that the district court intended that Perez serve a 135 month sentence.

## II. DISCUSSION

Although the government did not assert jurisdiction in the district court, we will review the issue de novo because "a party may raise jurisdiction at any time during the pendency of the proceedings." United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998) (per curiam). "Literally translated, the [L]atin phrase 'nunc pro tunc' means 'now for then.'" United States v. Hitchmon, 587 F.2d 1357, 1360 (5th Cir.), reh'g granted and rev'd on other grounds, 609 F.2d 1098 (1979). Courts may use nunc pro tunc orders to:

> supply omissions in the record of what was actually done in the cause at a former time when it was under consideration, and by mistake or neglect not entered in the clerk's minutes or the court's records; but where the court has omitted to make an order which it could have made, and in fact intended to make, it cannot subsequently make the same nunc pro tunc, so as to make it binding upon the parties to the suit from the date when it was so intended to have been entered; and especially is this so in matters relating to criminal proceedings . . . .

4

Id. (citation omitted).  Perez asserted that the district court intended to impose a truly concurrent sentence and was merely seeking a revision of the judgment to reflect what actually occurred during his sentencing.  The district court had jurisdiction to consider Perez's motion because courts can use nunc pro tunc orders to modify records to accurately reflect what actually happened in a proceeding.

The district court did not err in denying Perez's motion because neither the fact of Perez's receipt of a concurrent sentence nor the transcript of the sentencing hearing reflect that the district court intended that Perez receive credit for the time he had served in federal custody prior to sentencing.  The district court indicated that it was sentencing Perez pursuant to § 5G1.3(c) and the record establishes that this was the applicable guideline provision.

At the time of Perez's sentencing, § 5G1.3 provided that:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment . . ., the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement)  In any other case, the sentence for the instant offense may be imposed to run concurrently, partially

5

concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3 (Nov. 1995). Application note 2 of § 5G1.3 instructed that when a defendant was sentenced pursuant to subsection (b), a court should adjust the defendant's sentence for time already served as a result of the conduct taken into account in determining the instant sentence if the court determined that the served period of imprisonment would not be credited by the Bureau of Prisons. Id. Application note 3 instructed courts to consider factors set forth in 18 U.S.C. §§ 3553 and 3584 to achieve a reasonable sentence and avoid unwarranted sentencing disparities,

and be cognizant of:
(a) the type . . . and length of the prior undischarged sentence;
(b) the time served on the undischarged sentence and the time likely to be served before release;
(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court . . . ; and
(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Id.

Subsection (a) was not applicable because Perez committed the federal offense before he was sentenced in state court. Subsection (b) was not applicable because Perez's state offense was considered in the determination of only his criminal history category and not his federal offense level. A court is required to

6

impose a sentence "[t]o achieve a reasonable punishment", id., but is not required to consider the time already served before sentencing. See United States v. Johnson, 87 F.3d 1257, 1260 (11th Cir. 1996) (holding that a court complied with subsection 3(c) when it sentenced a defendant to a sentence that was concurrent only to the unexpired portion of a state sentence and not retroactive to the beginning of that sentence).

The record does not reflect that the district court sought to impose a sentence retroactive to the beginning of Perez's state sentence. During the sentencing hearing, the district court indicated only that Perez's sentence would be concurrent and did not indicate that Perez would receive credit on his federal sentence for time spent in custody prior to sentencing. If it the district court intended to impose Perez's sentence in such a manner, the district court did not actually do so, and it could not make a nunc pro tunc order revising its judgment to reflect something that did not occur. See Hitchmon, 587 F.2d at 1360; see also Recile v. Ward, 496 F.2d 675, 680 (5th Cir. 1974) (holding that a party was not entitled to a nunc pro tunc discharge judgment where that party failed to show that the court had considered such a judgment), reh'g denied and modified on other grounds, 503 F.2d 1374 (1974) )(per curiam).

### III. CONCLUSION

7

Perez has failed to show that the district court actually sentenced him to a concurrent sentence with credit on his federal sentence for time spent in federal custody prior to the imposition of his federal sentence. He was not entitled to a nunc pro tunc order. The denial of his motion is, therefore,

**AFFIRMED.**