# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2011

No. 10-40701
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

NOE GARCIA MENDOZA,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CR-314-14

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Noe Garcia Mendoza appeals the district court's denial of his motion for a nunc pro tunc order reducing his sentence. Mendoza argues that the jury only found that his offense involved a detectable amount of methamphetamine and, consequently, his sentence exceeds the statutory maximum. Mendoza contends that Amendment 484 to the Sentencing Guidelines provides that the actual amount of drugs involved, not size of the mixture or substance containing the drugs, must be used to determine drug quantity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40701

As Mendoza's motion raised a claim of substantive error, not a claim of clerical mistake or oversight, neither a motion for nunc pro tunc order nor a motion under the provision for nunc pro tunc corrections set forth in FED. R. CRIM. P. 36 was the appropriate procedural vehicle for raising Mendoza's claim. *See United States v. Hitchmon*, 587 F.2d 1357, 1360 (5th Cir.), *vacated on other grounds*, 602 F.2d 689 (1979); *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995). Furthermore, the jury found that Mendoza's offense involved "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual)." Thus, his statutory maximum sentence was life imprisonment, making his sentence of 360 months of imprisonment within the statutory maximum. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Mendoza's reliance on Amendment 484 is also misplaced; as a guidelines provision, Amendment 484 did not alter the statutory maximum sentence and, unlike the methamphetamine at issue here, only concerns materials that have to be separated from a controlled substance before the controlled substance can be used, like fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, or waste water from an illicit methamphetamine laboratory. *See* U.S.S.G. App. C, Amend 484.

Mendoza's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, it is dismissed. *See* 5TH CIR. R. 42.2. The Government's motion for summary affirmance and for an extension of time to file a brief are denied as moot.

APPEAL DISMISSED; MOTION FOR SUMMARY AFFIRMANCE DENIED; MOTION FOR EXTENSION OF TIME TO FILE A BRIEF DENIED.