[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12259

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUKNER BLANC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:14-cr-80114-CMA-1

_____

Before WILSON, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lukner Blanc, a federal prisoner represented by counsel, appeals the district court's denial of Blanc's counseled "Motion for Retroactive Recommendation that his Federal Sentence Run Concurrently with the Sentences Imposed in Palm Beach County Circuit Court Case Nos. 2012-CF-011680 and 2012-CF-012804 and for Credit for Time-Served from . . . the Date of his Initial Appearance in this Case, to . . . the Date he was Transferred to FDC Miami." No reversible error has been shown; we affirm.

## I.

In 2015, a jury found Blanc guilty of conspiracy to steal government funds, wire fraud, aggravated identify theft, and of stealing government funds. Blanc's convictions stem from Blanc's involvement in a conspiracy which sought to file fraudulent tax returns using stolen identities. In January 2016, the sentencing court imposed a total sentence of 192 months' imprisonment. Blanc's convictions and sentence were affirmed on direct appeal.

According to the Presentence Investigation Report, Blanc had several state charges pending against him when his federal sentence was imposed. Pertinent to this appeal, Blanc had been charged in state court with being a felon in possession of a firearm (Case No. 2012-CF-011680) and with felony fleeing-and-eluding (Case No. 2012-CF-012804). Never did Blanc, at his federal

sentencing, request that his federal sentence run concurrent with any later-imposed sentence in his state criminal proceedings.

In 2018, Blanc pleaded guilty in state court to being a felon in possession of a firearm and to felony fleeing-and-eluding. The state court imposed sentences of 1949 days' and 5 years' incarceration for these two offenses, respectively. The state court then credited Blanc for time Blanc had served in state custody since his arrest in 2012: a ruling that resulted in Blanc's immediate completion of his state sentences. Blanc was then transferred to federal custody to begin serving his federal sentence.

In April 2021, Blanc filed the counseled motion underlying this appeal. In his motion, Blanc sought an order deciding retroactively that Blanc's federal sentence run concurrent to Blanc's state sentences. Blanc also requested credit toward his federal sentence for time served in state custody from the date of his initial appearance in his federal case (21 August 2014) through the date he was transferred to federal custody (6 March 2018).

The district court denied Blanc's motion. The district court also denied Blanc's motion for reconsideration. This appeal followed.

## II.

We review *de novo* a district court's authority to modify a term of imprisonment. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

District courts lack the inherent authority to modify a term of imprisonment after it has been imposed.  *See id.* at 1297; *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002).  A district court may modify a term of imprisonment only to the extent permitted expressly by statute or by the Federal Rules of Criminal Procedure.  *See* 18 U.S.C. § 3582(c); *Jones*, 962 F.3d at 1297.

In his motion and on appeal, Blanc argues chiefly that the *sentencing court* had discretion to order his federal sentence to run concurrent to his anticipated state sentences.  Blanc then asserts that the *district court's* denial of his motion for a retroactive order constituted an abuse of that discretion.  Blanc, however, has identified no source of authority permitting the district court to modify his already-imposed sentence by ordering his federal sentence to run concurrent to his state sentences.

Blanc does not assert -- and nothing in the record evidences -- that Blanc's criminal judgment contains a clerical error or omission that might properly be corrected *nunc pro tunc* or under the Federal Rules of Criminal Procedure.  *See* Fed. R. Crim. P. 35(a) (providing that -- within 14 days after sentencing -- a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error"); Fed. R. Crim. P. 36 (providing that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission"); *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) (explaining that Rule 36 may be used only to correct clerical errors in a written judgment and "may not be used

21-12259               Opinion of the Court                    5

to make a substantive alteration to a criminal sentence"); *United States v. Hitchmon*, 587 F.2d 1357, 1360 (5th Cir. 1979) (explaining that a *nunc pro tunc* order may be used only to "supply omissions in the record of what was actually done in the cause at a former time when it was under consideration, and by mistake or neglect not entered in the clerk's minutes or the court's records").

Blanc's written judgment reflects accurately the federal sentencing judge's oral pronouncement imposing a total sentence of 192 months' imprisonment. That the written judgment is silent about whether Blanc's federal sentence should run concurrent with or consecutive to a potential future-imposed state sentence -- when no party timely raised that issue before the sentencing judge -- does not render the written judgment incomplete or ambiguous. The sentence here is readily understood. Sentences imposed at different times are presumed to run consecutive to one another unless the sentencing court orders otherwise. *See* 18 U.S.C. § 3584(a). Nor did the state court order Blanc's state sentences to run concurrent to his federal sentence.

Instead of seeking to correct a clerical error or omission, Blanc's motion asked the district court to modify substantively the term of his federal sentence from one that ran consecutive to his state sentences to one that ran concurrent with his state sentences: a modification that would effectively lower his federal sentence by years. Under 18 U.S.C. § 3582(c), a district court has authority to modify a term of imprisonment only in limited circumstances: for example, when the defendant was sentenced based on a sentencing

range that was later lowered by the United States Sentencing Commission or when extraordinary and compelling reasons warrant a reduced sentence.  *See* 18 U.S.C. § 3582(c).  Blanc has neither argued nor demonstrated that he is eligible for a reduced sentence under section 3582(c).

Under the circumstances presented in this case, the district court lacked authority to grant the relief requested by Blanc.  We affirm the district court's denial of Blanc's motion for a modified sentence and that court's denial of Blanc's motion for reconsideration.

AFFIRMED.