### PENNSYLVANIA RAILROAD CO. v. GILHOOLEY.[*]

*(District Court, E. D. Pennsylvania.   November 11, 1881.)*

1. JURISDICTION—ENFORCEMENT OF DECREE OF FOREIGN COURT.
    A court of admiralty may, at the instance of a party and without letters of request, enforce a decree *in personam* for the payment of costs rendered by an admiralty court in another district.

### In Admiralty.

Libel by the Pennsylvania Railroad Company against William Gilhooley, setting forth that in December, 1876, respondent had filed his libel in the United States district court for the southern district of New York, against the present libellant, to recover damages for injuries to his canal-boat; that the said district court entered a decree in his favor; that this decree was afterwards, upon appeal, reversed by the circuit court for said district, and a decree was therein entered dismissing the libel, with costs, which were taxed at $2,352.05. A copy of this decree was annexed to the libel. The libel further set forth that the said last-mentioned decree remained in full force and unsatisfied; that neither the present respondent nor any of his property could be found within the jurisdiction of the circuit court for the southern district of New York, but that such property could be found within this district. Libellant prayed for a decree against respondent for the amount of the decree entered in the circuit court for the southern district of New York. Respondent filed exceptions to the libel on the grounds (1) that the court had no jurisdiction; and (2) that the record of the suit in the courts of the southern district of New York was not attached to the libel. At the hearing it was agreed that these exceptions should stand as an answer.

*George P. Rich,* for exceptions.

A court of admiralty will lend its aid to enforce the decree of a foreign admiralty court only upon receipt of letters rogatory or missive, and not at the instance of a party. 6 Viner, Abr. 512, pl. 12; *Jurodo* v. *Gregory,* 1 Levinz, 267; S. C. 1 Ventris, 32; Godb. 260; 2 Bro. Civ. & Ad. Law, 120; 2 Sir Leoline Jenkins, 714, 754, 762, 788; *La Madonna della Lettera,* 2 Haggard, 289. The only reason that courts of admiralty interfere to execute each other's decrees is to prevent a failure of justice; but this reason is inapplicable to the present case, because an action of debt could be brought upon the judgment at common law. The cases in which admiralty courts have executed foreign decrees are either

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

proceedings *in rem,* where the *res* had come into another jurisdiction from that in which proceedings had been commenced, or cases where a sentence of imprisonment for contempt, against a party for non-compliance with a decree, was asked for, in neither of which cases could relief be obtained at common law.

*Alfred Driver* and *J. Warren Coulston, contra,* were not called upon. They presented and relied upon *Penhallow* v. *Doane,* 3 Dallas, 97; *The Jerusalem,* 2 Gallison, 191; *The Centurion,* 1 Ware, 477; *Otis* v. *The Rio Grande,* 1 Woods, 279; *Wilson* v. *Graham,* 4 Wash. 53.

The court, (BUTLER, D. J.) in a verbal opinion, held that it had a general jurisdiction which would enable it in its discretion to enforce the decree of a foreign admiralty court, at the instance of a party, without letters rogatory, and, after directing that the record of the proceedings in New York, duly certified, should be attached to the libel, entered subsequently the following decree: "And now, November 11, 1881, the exceptions to the libel filed in the above cause having, by agreement of the respective proctors, and by leave of the court, been considered and filed as an answer to the libel, and the above cause having been heard on libel and answer, and having been argued by the proctors for the respective parties, and due deliberation being had in the premises, it is ordered, adjudged, and decreed, by the court, that the libellant recover against the respondent the sum of $2,352.05, with interest thereon from the seventh day of February, 1880, said interest amounting to $246.96, making in all the sum of $2,599.01, with costs to be taxed by the clerk and that the libellant have execution therefor against the respondent."