**INTERNATIONAL SEA FOOD LTD., a corporation, Plaintiff-Appellant,**

v.

**M/V CAMPECHE, her engines, etc. in rem, et al., Defendants,**

**Foremost Insurance Company, Defendant-Appellee.**

**No. 76–2254.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1978.

Rehearing Denied Feb. 17, 1978.

G. Hamp Uzzelle, III, Mobile, Ala., for plaintiff-appellant.

Rae M. Crowe, Grover E. Asmus, II, Mobile, Ala., for defendant-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

The single issue presented in this appeal is whether a United States district court has subject matter jurisdiction in admiralty to enforce a foreign maritime decree which awarded money damages to the plaintiff on a claim for collision.

International Sea Food Ltd., a Barbados corporation, seeks to enforce a judgment rendered by the Supreme Court of Judicature, High Court (in Admiralty), of the Isle of Barbados against three shipowners in personam and against their ship, M/V Campeche, in rem. The Barbados court awarded damages of $142,211.34 and costs of $14,582 (Barbados exchange) following a maritime collision off the coast of Surinam. Alleging that the Barbados judgment remained unsatisfied, the plaintiff filed suit in the United States District Court for the District of Alabama, Southern Division against the four defendants in the original action plus Foremost Insurance Company, a Michigan corporation licensed to do business in Alabama. The complaint alleged that the four original defendants were insured under an insurance policy issued by Foremost and further alleged that the policy was in effect at the time of the collision and provided coverage for the Barbados judgment. Alleging that the insurance proceeds were "credits and effects" of the original defendants within that district, International Sea Food prayed for a writ of foreign attachment to garnish the insurance proceeds pursuant to Admiralty Supplemental Rule B of the Fed.R.Civ.P.

Foremost moved to quash the writ of foreign attachment on the ground that the complaint presented simply a suit on a foreign money judgment and, as such, was not within the court's admiralty and maritime jurisdiction. The district court agreed and vacated the writ, stating that its jurisdiction to enforce foreign admiralty judgments was limited to judgments involving special prize or other peculiarly maritime remedies and did not include enforcement of a "common law 'money' judgment." We disagree with the district court's character-

ization of the nature of this case and reverse.

In urging this Court to reverse the judgment of the district court, International Sea Food relies principally upon the early case of *Penhallow v. Doane*, 3 U.S. (3 Dall.) 54, 1 L.Ed. 507 (1795). The judgment sought to be enforced in that case was a decree ordering that the shipowner's vessel be returned by the parties who claimed it as prize. Because the ship had already been sold, the enforcing court converted the judgment into money value and awarded a specific sum to the shipowner's administrator. In an appeal to the Supreme Court, the jurisdiction of the enforcing court was challenged upon a basis which is the converse of that presented here. In *Penhallow* the admiralty nature of the action was not disputed. Rather, the question was whether the enforcing court was empowered to act as an admiralty court. In deciding that it was, the Supreme Court spoke in broad terms of the jurisdiction of admiralty courts to enforce the decrees of foreign maritime courts. For example, Justice Iredell stated:

> It was clearly shown at the bar, that a Court of Admiralty, in one nation, can carry into effect the determination of the Court of Admiralty of another.

3 U.S. at 97.

Justice Cushing also recognized the power of admiralty courts to enforce the judgments of other admiralty courts. He stated:

> The 8th exception is, that the district and circuit court possessed not admiralty jurisdiction, and that the circuit court had no right to carry the decree into execution. If courts of admiralty can carry into execution decrees of foreign admiralties, as seems to be settled law and usage; and if the district and circuit courts have admiralty powers by the law and constitution, as was adjudged and determined by this court, last February, I think, there can be no doubt upon this point.

*Id.* at 117. *See also Jennings v. Carson*, 8 U.S. (4 Cranch.) 2 L.Ed. 531 (1807).

■ Similar language in other cases tends to support the existence of a general principle that admiralty courts of this nation are empowered to carry into effect the maritime decrees of foreign admiralty courts. In *Otis v. The Rio Grande*, 18 F.Cas. No. 10,613, pp. 902, 903 (C.C.D.La. 1872), aff'd, 90 U.S. 458, 23 L.Ed. 158 (1887), the court enforced an in rem maritime judgment of another district court which had awarded a sum of money and placed a lien upon the defendant ship with these words: "This court is in duty bound to carry into effect the sentences and decrees, not only of other federal courts, but even of the admiralty courts of foreign countries . . . ." *See also Pennsylvania Railroad Co. v. Gilhooley*, 9 F. 618 (E.D.Pa.1881). Again, in *The Jerusalem*, 13 F.Cas. No. 7,293, pp. 559, 563 (C.C.D.Mass.1814), there is dictum to the effect that an admiralty court "will enforce a foreign maritime judgment between foreigners, where either the property or the person is within its jurisdiction."

The language in these cases is most supportive of the plaintiff's position; nevertheless, Foremost asserts that these decisions are distinguishable from the instant case because the remedies enforced in those cases had a distinctly maritime flavor, such as prize or maritime lien, while International Sea Food's judgment for money damages has none. Foremost argues that the maritime aspects of this case vanished once the judgment was rendered and that there is no valid reason for permitting enforcement of a simple money judgment in an admiralty court.

■ We reject that argument for two reasons. For the first, we rely upon the language of *The Centurion*, 5 F.Cas. No. 2,554, p. 369 (D.Me.1389), where the issue was whether an admiralty court had jurisdiction to award a sum of money to a crewmember whose captain refused to pay him for his participation in a salvage expedition after an arbitrator had already decided the basic salvage issues. The court posed the issue in much the same manner as Foremost in this appeal:

> [T]he general question of salvage having been already decided, and the money re-

ceived by the master acting for all who are interested in it, whether the claim of the libellant is not converted into a simple debt, for which a remedy lies only at common law. Although the admiralty has a general jurisdiction over maritime contracts and quasi contracts, and things done on the sea, it does not follow that the payment of a debt in every form which it may assume can be enforced in the admiralty, simply because it originated in a contract, or in the performance of a service which was within the jurisdiction of the court. While the original cause or consideration subsists and is in force, the party may have his remedy in this court, but when that is extinguished and the debt passes into a new form, by what in the civil law is called a novation, as when the creditor receives a bond for the sum due, or a negotiable note, or bill of exchange is taken as payment, and as in extinguishment of the debt, it will not be contended that the admiralty has jurisdiction to enforce the payment of the debt in its new form.

5 F.Cas. at 370. In resolving the question the court distinguished the case before it involving a prior arbitration award from one involving a judgment of another admiralty court:

> If it had been decided by a regular decree of a court of admiralty by which a specific sum were awarded to the libellant, this court could have taken cognizance of the case, because a court of admiralty has jurisdiction to carry into execution the decree of another court of admiralty.

*Id.* The *Centurion* court went on to find a maritime aspect which permitted it to enforce the decree, but the quoted language suggests that an admiralty court has jurisdiction to enforce any judgment of another admiralty court regardless of its lack of maritime flavor.

 We are persuaded that jurisdiction is proper for a second reason. Foremost concedes that the interpretation of the marine insurance policy held by the other defendants and the existence of any liability

on the policy will be hotly contested issues when this case is eventually tried. That marine insurance is a maritime contract within the jurisdiction of an admiralty court has long been settled. *Insurance Co. v. Dunham*, 78 U.S. 1, 20 L.Ed. 90 (1870). The marine insurance aspect of the case adds a maritime flavor and further argues for jurisdiction in an admiralty court which has expertise in such matters. Even if state law should be found eventually to control any issues in this case, that does not alter the jurisdictional scope of admiralty courts. However else one interprets *Wilburn Boat Co. v. Fireman's Fund Insurance Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955), that decision dealt with choice of law and not with admiralty jurisdiction.

Admiralty courts are uniquely equipped to deal with questions of marine insurance, regardless of whether state law or general maritime law is applied.

> The contract of insurance against the perils of the sea is one that was suggested by and sprang from the hazards peculiar to vessels in the pursuit of maritime commerce. The rights, duties, and liabilities which are its characteristics have always been regulated by the maritime law. Indeed, the investigation of a case of marine insurance is but an inquiry into the facts, transactions, and perils of navigation and the application of the principles and rules of the maritime law. The contract has always and everywhere been considered maritime and nowhere, out of England, has it ever been excluded from the admiralty jurisdiction.

1 Benedict on Admiralty, § 242 (7th ed. 1974).

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.