639 F.2d 1168
 OFFSHORE LOGISTICS SERVICES, INC. and Offshore Logistics,
Inc., Plaintiffs,
Gulf Coast Marine, Inc., Plaintiff-Appellant Cross Appellee,
v.
MUTUAL MARINE OFFICE, INC., Defendant,
Arkwright-Boston Manufacturers Mutual Insurance Co.,
Defendant-Appellee Cross Appellant.
 No. 79-3909.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A
 March 16, 1981.
 Phelps, Dunbar, Marks, Claverie & Sims, James H. Roussel, Winston Edward Rice, New Orleans, La., for plaintiff-appellant-cross-appellee.
 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Donald L. King, New Orleans, La., for defendant-appellee-cross-appellant.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before GOLDBERG, CHARLES CLARK and REAVLEY, Circuit Judges.
 CHARLES CLARK, Circuit Judge:
 
 
 1
 This suit involves a dispute between an insured and its excess insurer over the settlement of a personal injury suit. Because the district court lacked jurisdiction to enter the order appealed from, we dismiss this appeal.
 
 
 2
 Milton Bourne worked as a crane operator on an offshore drilling rig owned by Southern Natural Gas Company. Southern Natural chartered the M/V STONES RIVER to make a crew change on the rig on February 9, 1973. The vessel was owned by Stones River Rentals, predecessor of Offshore Logistics Services, and operated by Offshore General, Inc., predecessor of Offshore Logistics, Inc. (the successor companies will be referred to as the "Offshore Companies."). While making this crew change in rough weather and heavy seas, the STONES RIVER jolted violently. Bourne was thrown from his seat and injured.
 
 
 3
 Bourne sued the Offshore Companies and Southern Natural. The Offshore Companies were covered by a $100,000 primary insurance policy issued by Reserve Insurance Company. The Offshore Companies carried excess insurance with Arkwright-Boston Manufacturers Mutual Insurance Company (Arkwright-Boston). Southern Natural was named as an additional insured under both policies. Before the personal injury suit filed by Bourne came to trial, he offered to settle with all defendants for a total of $160,000. Reserve Insurance Company advanced its policy limits of $100,000 toward this settlement fund. Arkwright-Boston agreed that the amount of settlement was reasonable but refused to contribute, denying that the excess policy covered this loss. To preserve the settlement, the Offshore Companies and Southern Natural advanced the remaining $60,000 and sued Arkwright-Boston for reimbursement. Based upon an assignment by the Offshore Companies of all their rights in this litigation to Gulf Coast Marine, Inc., the district court held that the latter corporation was the real party in interest. Gulf Coast Marine was awarded judgment against Arkwright-Boston for the $30,000 advanced toward the settlement by the Offshore Companies. This judgment and the award of attorney's fees under the insurance policy for the defense of Bourne's claim were affirmed today by this court without opinion. The sole issue remaining for determination in the present appeal is whether Arkwright-Boston is liable to Gulf Coast Marine, Inc., for the penalty, expenses, and attorney's fees under La.Rev.Stat.Ann. tit. 22 § 658 (West 1978) for arbitrarily refusing to pay a claim.
 
 
 4
 On July 20, 1978, the district judge entered an opinion, the last section of which held that the failure of Arkwright-Boston to pay the claim of the Offshore Companies was not arbitrary because "a very real question existed concerning the late notice issue." On December 15, 1978, the district judge amended the judgment by a minute entry to hold Arkwright-Boston liable for the statutory penalty and attorney's fees under section 658. The district judge reasoned that, under Reichert v. Continental Insurance Co., 290 So.2d 730, 735 (La.App.1974), an insurer's failure to interpret its policy correctly subjects it to the statutory penalty regardless of the reasonableness of the insurer's belief that it had a meritorious legal defense. The district judge went on to describe his earlier opinion as holding that "the Louisiana jurisprudence clearly establishes the proposition that late filing of a claim is not a valid defense to the claim unless the insurer can show prejudice, and no such prejudice was shown in this case." (Footnote omitted.) As the district judge pointed out, the "Louisiana jurisprudence" to which he referred antedates Arkwright-Boston's refusal to pay.
 
 
 5
 Arkwright-Boston filed a timely motion to amend the December 15, 1978, judgment. The district court denied this motion by an order entered January 26, 1979. Arkwright-Boston noticed an appeal on February 5, 1979.
 
 
 6
 Finally, on February 22, 1979, the district court on its own motion again amended the judgment by a minute entry to hold that Arkwright-Boston was not liable for the statutory penalty and attorney's fees under section 658. The court reasoned that a different test should apply to that section than applies to section 657 of the same title. The district judge reiterated his finding that "Arkwright-Boston's decision to litigate was based on a sincere belief that it had a valid defense." After conducting hearings to set the amount of contractual attorney's fees due, the district court entered an amended judgment restating his prior determinations. Gulf Coast Marine, Inc., and the Offshore Companies timely noticed the instant appeal from the November 2, 1979, judgment.
 
 
 7
 A jurisdictional defect that no party raises compels dismissal of the present appeal. The January 26, 1979, order was not a final order as is required for appealability in ordinary civil cases, since other issues remained to be determined. 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b). This case was brought, however, under the district court's admiralty jurisdiction as well as under its diversity jurisdiction. The invocation of admiralty jurisdiction was proper, as this is a suit on a contract of marine insurance. See Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1871); International Sea Food Ltd. v. M/V Compeche, 566 F.2d 482, 483, 485 (5th Cir. 1978). Under 28 U.S.C. § 1292(a)(3), this court has jurisdiction of appeals from interlocutory decrees that determine the rights and liabilities of the parties to admiralty cases. The judgment entered December 15, 1978, and the court's January 26, 1979, refusal to amend determined that Arkwright-Boston was liable for the statutory penalty and attorney's fees. Thus, both were appealable.
 
 
 8
 This being so, Arkwright-Boston's notice of appeal on February 5, 1979, transferred jurisdiction over the issue of the statutory penalty and attorney's fees to this court. This left jurisdiction in the district court to determine the amount of attorney's fees due under the insurance policy, an issue not involved in this appeal. Had the order been nonappealable, the district court would have retained jurisdiction for all purposes. United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979).
 
 
 9
 Because the district court was without jurisdiction to further amend his judgment after the February 5, 1979, notice of appeal, the order entered February 22, 1979, which is the subject of the instant appeal, was entered without jurisdiction. The latter order is therefore vacated, leaving the order entered January 26 as the final disposition of this issue. We perceive no injustice in this disposition, as our determination of Louisiana law, more fully explained in another case decided today,[1] would have compelled the holding that Arkwright-Boston was liable for the penalty and attorney's fees under section 658, though for reasons different from those relied upon by the district court in his January 26, 1979, order.
 
 
 10
 The order appealed from is vacated and the appeal dismissed.
 
 
 11
 VACATED and DISMISSED.
 
 
 
 [1]
 Offshore Logistics Services, Inc., et al. v. Arkwright-Boston Manufacturers, --- F.2d ---- (5th Cir. 1981)