John C. GRYAR, Plaintiff,

v.

ODECO DRILLING, INC.,
Defendant-Appellant,

v.

OTTO CANDIES, INC., et al.,
Defendants,

and

Highlands Insurance Company, Third
Party Defendant-Appellee.

No. 81–3508
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 26, 1982.

Courtenay, Forstall, Grace & Hebert, Thomas J. Grace, New Orleans, La., for defendant-appellant.

Joseph H. McCusker, III, New Orleans, La., for plaintiff.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Our review of the record indicates that the district court lacked jurisdiction to enter the judgment from which this appeal is taken—the amended judgment of July 22, 1981. Accordingly, we vacate the amended judgment of July 22, 1981 and thereby reinstate the district court's prior judgment of June 17, 1981.

John Gryar, a floorhand on a mobile drilling rig, was injured during a crew change while transferring from a crewboat to the rig on which he was employed. This lawsuit against his employer, Odeco, Inc. ("Odeco"), followed in the United States District Court for the Eastern District of Louisiana. Odeco filed third-party claims against Hudson Marine, Inc. ("Hudson Marine"), the owner of the crewboat that transported Gryar to the drilling rig, High-lands Insurance Company ("Highlands"), Hudson Marine's insurer, and Otto Candies, Inc. ("Otto Candies"), the owner of a workboat in the vicinity of the accident.

On the eve of trial, Gryar settled his claims for $300,000. In exchange for the dismissal of all claims against it, Otto Candies agreed to contribute $10,000 to the settlement fund. The remaining $290,000 was to be paid by Odeco and Hudson Marine based upon an appointment of fault made by the district judge after trial. Odeco's third-party claim against Hudson Marine's insurer, Highlands, for indemnification under a protection and indemnity policy issued to Hudson Marine also was put to trial.

At the conclusion of the trial the district judge announced her findings from the bench. She found both Odeco and Hudson Marine negligent and apportioned fault equally between them. She further found that Hudson Marine was obligated to obtain coverage for Odeco as an additional insured, but had not done so. The action was then taken under advisement and the parties were requested to submit additional briefs discussing "why ODECO should or should not recover from Hudson." At a subsequent hearing, the district judge modified her earlier findings by ruling that Highlands' insurance policy had covered Odeco under its contract with Hudson Marine.

On June 17, 1981, a final judgment was entered. The judgment recited the terms of the settlement agreement, dismissed all claims against Otto Candies, repeated the court's earlier finding apportioning liability equally between Hudson Marine and Odeco, and awarded Gryar $145,000 against each. Lastly, the judgment included the district judge's finding that Odeco was a "covered additional assured" under Highlands' policy and directed judgment in favor of Odeco against Highlands for $145,000—Odeco's share of the settlement.

On July 7, 1981, Highlands filed a notice of appeal "appeal[ing] to the United States Court of Appeals for the Fifth Circuit from the judgment entered . . . on the 17th Day

of June, 1981." We docketed Highlands' appeal 6 days later.[1]

On July 21, 1981, the district judge filed written findings of fact and conclusions of law. These findings contradicted the judgment already entered by reasoning that while Odeco was an additional assured, Highlands was to indemnify Odeco solely as an "owner of [a] vessel," *not* as a rig operator. As Odeco "was found liable for its independent negligence committed as a rig owner rather than as a crewboat operator," Highlands was not obligated to Odeco. An amended judgment was entered the next day and Odeco took this appeal.

We do not reach the arguments raised by Odeco going to the merits of its dispute with Highlands. Although no party to this appeal has questioned the district court's power to enter the amended judgment on July 21, 1981, we are compelled to do so ourselves, *Offshore Logistics Services, Inc. v. Mutual Marine Office, Inc.*, 639 F.2d 1168, 1170 (5th Cir. 1981), and we think it manifest from the procedural history already outlined that the district court did not have jurisdiction to enter the amended judgment. More than 10 days elapsed after the entry of the original judgment of June 17, 1981, without any party having filed either a motion to alter or amend, *see* Fed. R.Civ.P. 59(e), or any of the other post-judgment motions that suspend the period for filing a notice of appeal and give the district court an opportunity to correct its judgment, *see* Fed.R.App.P. 4(a)(4); D. Knibb, Federal Court of Appeals Manual § 6.1, at 67 (1981). Highlands' notice of appeal was timely filed within 30 days of the entry of the final judgment, *see* Fed.R. App.P. 4(a)(1), and caused the immediate transfer of jurisdiction from the district court to this court with respect to any "matters involved in the appeal," 9 Moore's Federal Practice ¶ 203.11, at 3–44 (2d ed. 1980); *see Offshore Logistics Services, Inc. v. Mutual Marine Office, Inc.*, 639 F.2d 1168, 1170 (5th Cir. 1981); *compare United States v. Hitchmon*, 587 F.2d 1357, 1359, *vacated*, 593 F.2d 20 (5th Cir. 1979), *with*

*United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc). Because the final judgment of June 17, 1981 was a "matter[ ] involved in [Highlands'] appeal," the district court could not enter an amended judgment.

In this case the district court set aside one final judgment and replaced it with another after one party had timely filed a notice of appeal and the 10-day period afforded the district court to amend its judgments had expired. This it could not do. Had one of the parties moved to alter or amend the judgment within the 10 days subsequent to the entry of the final judgment, *see* Fed.R.Civ.P. 59(e), the finality of the judgment would have been suspended until the district court ruled on the motion, *see* Fed.R.App.P. 4(a)(4). The district judge could have granted the motion and an amended judgment could have been entered. But this did not happen.

By contrast, we note that this appeal does not present a situation in which a notice of appeal is filed complaining of a clearly non-appealable order. *See United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc). In such a case, the district court is entitled to disregard the notice of appeal and proceed with the action. *See id.* at 694; *see also United States v. Dunbar*, 611 F.2d 985 (5th Cir.) (en banc) (despite appeal from denial of double jeopardy motion, the district court is not divested of jurisdiction when the trial judge finds that the motion is "frivolous"), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980). In this case, however, the judgment originally entered by the district court disposed of all claims of all parties and was clearly appealable. Nor does this case present a situation in which an appeal has been taken from an appealable interlocutory order. In such a case, the district court "may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981) (citing 9 Moore's Federal Practice ¶ 203.11, at 3–44 (2d ed. 1980)). As we have indicated, the judgment was final.

1. *Gryar v. Odeco Drilling, Inc.*, No. 81–3409 (5th Cir., docketed July 13, 1981).

Because the district judge did not have jurisdiction to enter the amended judgment when she did, the amended judgment of the district court entered on July 22, 1981, must be, and is,

VACATED.