856 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph BOYKIN, Plaintiff-Appellant,
v.
Armin A. MELIOR; R.C. Marshall; Terry Morris; Wente;
C.H. Tackett; Imogene Ferguson; Dave See; C. Williams;
John Burgess; Chaboudy; Board of Trustees River Side
Hospital; Balinger; Rick Merrit; Jack Horn, Defendants-Appellees.
 Nos. 87-3704, 87-3734 and 88-3178.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 These consolidated appeals have been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ralph Boykin filed a prisoner's civil rights complaint in the district court alleging that the defendant medical personnel were deliberately indifferent to his serious medical needs. Defendants moved for summary judgment and the magistrate recommended that summary judgment for defendants be granted. Initially, the district court adopted the magistrate's recommendation, finding it "not clearly erroneous." However, this court vacated the judgment on appeal and remanded the case to the district court for a de novo review of the magistrate's recommendation. See Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir.1985). Upon remand, the district court reviewed the magistrate's recommendation de novo, concluded that plaintiff failed to establish a cause of action under Estelle v. Gamble, 429 U.S. 97 (1976), and granted summary judgment for defendants on June 22, 1987. Plaintiff filed two notices of appeal from the district court's judgment (Nos. 87-3704, 87-3734). Thereafter, the district court vacated its judgment and then again entered summary judgment dismissing plaintiff's suit for failure to state a claim. Plaintiff filed a timely notice of appeal from this judgment as well (No. 88-3178). The three appeals have been consolidated for review.
 
 
 3
 Upon review, we conclude the district court was without jurisdiction to vacate its judgment of June 22, 1987, because the plaintiff had already filed a timely notice of appeal from this judgment. See NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588-89 (6th Cir.1987). Its order vacating the June 22 judgment and its reentry of judgment for the defendants under review in Case No. 88-3178 are, accordingly, hereby vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit. See Ced's, Inc. v. EPA, 745 F.2d 1092, 1095-96 (7th Cir.1984), cert. denied, 471 U.S. 1015 (1985); Gryar v. Odeco Drilling, Inc., 674 F.2d 373 (5th Cir.1982) (per curiam).
 
 
 4
 We also conclude, however, that the district court properly entered its initial summary judgment for the defendants as the facts, considered in the light most favorable to the plaintiff, simply do not support a claim under the Eighth Amendment. There is no showing of "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.
 
 
 5
 The judgment in Nos. 87-3704 and 87-3734 is, accordingly, affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. This order terminates the entire action.