In re HEALTH CARE PRODUCTS, Debtor.

Larry S. HYMAN, Trustee, Appellee,

v.

IOWA STATE BANK, Defendant,

State of Iowa, Appellant.

No. 92–1967–CIV–T–17(c).

United States District Court, M.D. Florida, Tampa Division.

July 12, 1994.

Ray Johnson, Atty. General's Office, Consumer Protection Div., Des Moines, IA, for State of Iowa, appellant.

Dennis Jay Levine, Cramer, Haber, McDonald & LeVine, P.A., Tampa, FL, for Larry S. Hyman, Trustee, appellee.

*APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORDER ON APPEAL*

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from Order Granting the Trustee's Motion for Summary Judgment entered October 29, 1992 and the ex parte Order Striking the Affidavit of Assistant Attorney General Ray Johnson on November 16, 1992. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 158.

### ISSUES

I. Whether the Bankruptcy Court acted within its jurisdiction when it struck the Affidavit of Assistant Attorney General Ray Johnson and whether the order striking the Affidavit is an interlocutory order which is not appealable as of right?

II. Whether the Bankruptcy Court erred by striking the affidavit of Assistant Attorney General Ray Johnson, and if the Court did err, whether this was harmful error which affected the parties substantial rights?

III. Whether the Bankruptcy Court erred by granting the Trustee's motion for Summary Judgment in the existing record without the Affidavit of Assistant Attorney General Ray Johnson?

### FACTS

The Debtor filed Chapter 7 on August 26, 1991, and Larry S. Hyman was appointed Trustee of the Debtor's estate. Prior to the Debtor filing Chapter 7, the State of Iowa initiated a consumer fraud action against Debtor arising from Debtor's sale of its products in Iowa. Iowa's state court action was never tried on the merits. Instead, the Iowa state court entered a Consent Decree on February 23, 1990, providing a procedure by which Debtor would pay restitution to Iowa consumers who requested refunds from Debtor.

In accordance with the Consent Decree, Debtor placed certain funds into two Money Market checking accounts in the Iowa State Bank. The funds in the account, including accrued interest, total approximately $400,-000.00. After Debtor filed Chapter 7, the Trustee made demand on the Bank for turnover of the funds. The Bank, although claiming no interest in the funds, refused to turn over the funds to the Trustee absent a Court order. Defendant Iowa claimed an interest in the funds.

The Trustee filed an adversary action against the Bank to compel turnover of the funds in the Bank's possession. On July 17, 1992, the Trustee filed a Motion for Summary Judgment. Iowa filed a Resistance to the Trustee's Motion for Summary Judgment on August 13, 1992, together with the Affidavit of Assistant Attorney General Ray Johnson. On October 6, 1992, the Trustee filed a Motion to Strike this Affidavit.

On October 29, 1992, the Bankruptcy Court issued an Order granting the Trustee's Motion for Summary Judgment, together with a Final Judgment in favor of the Trustee. The Final Judgment ordered the Bank to turn over the Funds to the Trustee. On November 16, 1992, subsequent to the entry of the Final Judgment, the Bankruptcy Court issued an *ex parte* order granting the Trustee's Motion to strike the Affidavit of Ray Johnson. Iowa filed a Notice of Appeal of the Order striking the Affidavit.

### First Issue on Appeal

■ The State of Iowa contends that the Bankruptcy Court exceeded its jurisdiction when it entered an *ex parte* order striking the Affidavit of Assistant Attorney General Ray Johnson after it issued a Final Judgment and after the State filed a timely Notice of Appeal. The Trustee asserts that the Bankruptcy Court's order is an interlocutory order which is not appealable as of right.

■ Filing a Notice of Appeal from an appealable order divests the lower court of jurisdiction over issues related to the appeal. *Offshore Logistics Services, Inc. v. Mutual Marine Office, Inc.,* 639 F.2d 1168, 1170 (5th Cir.1981). In bankruptcy proceedings, the test to determine what is appealable as a final judgment "emphasizes the need for 'immediate review, rather than whether an order is technically interlocutory.'" *In re 405 N. Bedford Dr. Corp.,* 778 F.2d 1374, 1377 (9th Cir.1985) (citing *In re White,* 727 F.2d 884, 885 (9th Cir.1984) (citing *In re Mason,* 709 F.2d 1313 (9th Cir.1983)).

■ Those orders that "'may determine and seriously affect substantive rights' and cause 'irreparable harm to the losing party if it had to wait to the end of the bankruptcy case'" are immediately appealable. *In re 405 N. Bedford Dr. Corp.,* 778 F.2d at 1377 (citing *In re Mason,* 709 F.2d at 1316) (quoting R. Levin, *Bankruptcy Appeals,* 58

N.C.L.Rev. 967, 985–86 & n. 140 (1980)). The State of Iowa's rights would be seriously affected because the Order which struck the Affidavit, which was used by the Trustee to support his Motion for Summary Judgment, relied upon by the Bankruptcy Court in its decision, and then stricken *ex parte,* eliminates the State's avenues for appeal. The order striking the Affidavit is, therefore, not an interlocutory order. The Bankruptcy Court exceeded its jurisdiction when it entered the *ex parte* order striking the affidavit of Assistant Attorney General Ray Johnson, as Plaintiff's filing a Notice of Appeal divested the court of jurisdiction.

### Second Issue on Appeal

■ The State of Iowa claims that the Bankruptcy Court committed harmful error when it struck the Affidavit of Assistant Attorney General Ray Johnson. The Bankruptcy Court offered no explanation in its *ex parte* order for striking the Affidavit other than to rely on arguments made by the Trustee. However, the Trustee failed to distinguish any facts in the Affidavit that are contested, nor did the Bankruptcy Court make any findings of any facts in the Affidavit that are in dispute.

The Trustee sought to have the Affidavit stricken pursuant to Florida Bar Rule 4–3.7: Lawyer as Witness.[1] The Trustee argued that the Affidavit should be stricken because Attorney General Ray Johnson, who represented the State of Iowa in the Iowa District Court proceedings, is also representing Iowa in these proceedings.

However, the Affidavit deals almost exclusively with issues that could not possibly be contested in good faith by the Trustee. Any such finding would be clearly erroneous because there is nothing in the record that can refute any of the facts contained in the Affidavit. The Trustee failed to submit any affi-

---

1. Florida Bar Rule 4–3.7 provides:
   (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
   (1) the testimony relates to an uncontested issue;
   (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
   (3) the testimony relates to the nature and value of legal services rendered in the case; or
   (4) disqualification of the lawyer would work substantial hardship on the client.

davit or evidence contrary to the statements contained in the Affidavit. Moreover, Assistant Attorney General Ray Johnson has no intention of testifying at trial if a trial is ever required.

 The error committed on the part of the Bankruptcy Court constitutes harmful error. While Bankruptcy Rule 9005 permits appellate courts to disregard alleged errors if the error or defect in the proceeding below does not affect substantial rights of the parties, *In re Carapella,* 115 B.R. 365 (M.D.Fla. 1990), because of the *ex parte* order, the State of Iowa is not permitted to rely on the Affidavit as part of the record on appeal. The State has been deprived of its factual support in resistance to the Trustee's Motion for Summary Judgment. Thus, the Bankruptcy Court erred by striking the Affidavit of Assistant Attorney General Ray Johnson, and such error constituted harmful error.

### Third Issue on Appeal

Without the Affidavit of Assistant Attorney General Ray Johnson, the Trustee has no record to support his Motion for Summary Judgment. The Federal Rules require that summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Trustee has submitted only unexplained documents he received in response to a request for production. The material pleadings in this matter are disputed and the Trustee cannot point to any fact in support of his motion that is contained in any deposition, interrogatory, admission or affidavit remaining in the record. Therefore, the Court erred in relying on the Affidavit to grant the Trustee's Motion for Summary Judgment, and then striking it from the record.

This appeal having been fully considered by the Court, and the Court finding reversible error in the Final Judgment entered in the bankruptcy proceedings above, it is thereupon

**ORDERED** that the Final Judgment be, and the same is hereby **reversed** and **remanded** with instructions to vacate the Order Granting Motion to Strike. The Clerk of the Court is directed to enter judgment in accordance with this Order.