**In re Paul A. BILZERIAN, Debtor.**

**James C. ORR, as Chapter 7 Trustee for the Estate of Paul A. Bilzerian; BPLP–1, a Florida Limited Partnership; and Singer Furniture Acquisition Corporation, a Florida Corporation, Plaintiffs,**

v.

**SSMC, N.V. a Netherlands Antilles Corporation, Defendant.**

Bankruptcy No. 91–10466–8P7.
Adv. No. 93–822.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 21, 1995.

Stephen L. Meininger, Tampa, FL, for Plaintiff James C. Orr, Trustee, and BPLP–1.

Donald H. Whiitemore, Tampa, FL, for Plaintiff Singer Furniture Acquisition Corp.

Steven M. Berman, Tampa, FL, John L. Gardiner, New York City, for Defendant SSMC.

## ORDER ON MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter before the Court is a Motion for Reconsideration of this Court's Order dated May 30, 1995 filed by James Orr, the Chapter 7 Trustee (Trustee) in the above captioned Chapter 7 case. The Motion is filed pursuant to Fed.R.Civ.Pro. 60(b) as adopted by F.R.B.P. 9024 and is based on the allegation that the Order which granted a cross-Motion filed by SSMC and the Judgment based on the Order should be set aside either because of newly discovered evidence or in the alternative because the Order and the Judgment were obtained by fraud upon the Court.

The court heard argument of counsel for the respective parties, considered the authorities cited in support and in opposition of the Motion, together with the relevant portion of the record and based on same now finds and concludes as follows:

On August 17, 1994, this Court entered an Order and granted the Cross–Motion for Summary Judgment in favor of SSMC and against James C. Orr, the Trustee of the estate of Paul A. Bilzerian (Trustee). In its Order, this Court made a specific finding that the guarantee executed by Bilzerian of the Primary Obligation of BPLP–1, a Florida Limited Partnership is valid and enforceable, and thus the Trustee's objection to the allowance of the claim filed by SSMC should be overruled and the claim shall be allowed. Based on this finding, the Court entered a Judgment and overruled the objection and allowed the claim of SSMC. The Trustee, having been aggrieved by the Judgment, on September 14, 1994, filed a Notice of Appeal.

On October 19, 1994, the clerk transmitted the record on appeal and the appeal is still pending before the District Court, yet to be decided.

On May 9, 1995, the Trustee filed a Motion for Relief from Judgment based upon Fraud and/or Newly Discovered Evidence. This Court considered the Motion ex parte and denied the Motion on May 30, 1995, based upon the finding that this Court lacked subject matter jurisdiction to consider the Motion for Relief because of the pending appeal of the Order on Cross–Motions for Summary Judgment.

On June 1, 1995, the Trustee filed the Motion which is currently before the Court. In his Motion, the Trustee seeks reconsideration of this Court's Order of May 30, 1995 denying the Motion for Relief from Judgment based upon the contention that the Court does have subject matter jurisdiction to consider a Motion for Relief from Judgment filed pursuant to Rule 60(b).

In opposition to the Motion under consideration, SSMC contends that this Court lacks jurisdiction to consider the Motion because, once an appeal is filed and lodged in the District Court, this Court is effectively divested of jurisdiction to enter any order in the proceeding which is on appeal, citing *In re Urban Development*, 42 B.R. 741 (Bankr. M.D.Fla.1984).

In support of his Motion the Trustee cites Footnote 3 in *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404 (5th Cir.1994). In *Travelers* the Court of Appeals indicated that a 60(b) filed while the appeal is still pending may be considered by the District notwithstanding the pendency of the appeal. The Court also recognized however that when an appeal is taken, the District Court is divested of jurisdiction except to take action in aid of the appeal or to correct clerical errors pursuant to 60(a) citing 7 James W Moore, Moore's Federal Practice 60.30(2). It is equally true that filing a notice of appeal from an appealable order of the bankruptcy court divests the bankruptcy court of jurisdiction over issues relating to the appeal. *In re Health Care Products*, 169 B.R. 753 (M.D.Fla.1994). In this case the District Court held that the bankruptcy court was without jurisdiction to strike an affidavit after a summary judgment was already entered and the state had filed a notice of appeal of the Order which granted the motion. Clearly, if the relief sought below would interfere with the appeal process, the Court whose order is on appeal does not have any jurisdiction and should not interfere with the appeal process. The soundness of this proposition is amply justified and needed in order to avoid confusion and waste of time which may occur if two courts were considering the same issues. In this instance, the court below has no discretion and must avoid interfering with or replacing the appellate process. *In re Thorp*, 655 F.2d 997 (9th Cir.1981); *In re Urban Development, Ltd., Inc.*, 42 B.R. 741 (Bankr.M.D.Fla.1984).

While it is true that the instant matter under consideration, the Motion filed by the Trustee, does not raise precisely the same issues which are now pending on appeal, it is clear that if the relief sought by the Trustee is granted it would effectively moot out the issue on appeal, thus interferes with the appeal process. This being the case this Court is satisfied that to consider the motion filed by the trustee on its merit would be improper and would be an impermissible interference with the appeal process.

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration of Order Denying Motion for Relief from Judgment under F.R.C.P. 60(b) as adopted by F.R.B.P. 9024 based on Fraud and/or Newly Discovered Evidence is hereby denied.

DONE AND ORDERED.