United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-20236
Summary Calendar

LEE DANIELS,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; GARY L. JOHNSON; FRED BECKER,
Head Warden Jester III Unit; COLLINS, Assistant Warden
Jester III Unit; B. WRIGHT, Craftshop Supervisor Jester III
Unit; PERRYMAN, Head Warden Powledge Unit; E. A. WESTFALL,
Assistant Warden Powledge Unit; CHICO, Lieutenant Powledge
Unit; CRAFTSHOP SUPERVISOR, Powledge Unit; CARMONA, Head
Warden Wallace Pack Unit; S. POOL, Correctional Officer 4
Craftshop Supervisor Wallace Pack Unit; D. JOHNSON, Unit
Property Officer Wallace Pack Unit; M. WARNER, Coach Wallace
Pack Unit; LARRY LARGENT, Dr.; E. FONTENOTE; V. PORTER;
MARTINEZ-CARDONA; DAVID TILLERY; Correctional Officer WEBB;
KELLI WARD; M. HALL, Administrative Warden; LEO QUINN;
W. SMITH, Investigator,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-361
--------------------

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lee Daniels, Texas state prisoner # 00721531, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). When a plaintiff alleges that he has been deprived of his property without due process of law by the negligent or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986)); Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, Daniels does not have a cognizable claim under 42 U.S. C. § 1983. See Murphy, 26 F.3d at 543-44; Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983). Because Daniels has not shown that he could have amended his complaint to allege any facts which would assert a cognizable 42 U.S.C. § 1983 claim concerning the deprivation of his property, he has not shown that the district court erred in dismissing his 42 U.S.C. § 1983 action without providing notice and an opportunity to amend his complaint. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

To the extent that Daniels contends on appeal that the property included "legal materials," he did not raise this claim in his original complaint and did not otherwise raise a claim of the denial

of access to the courts in his original complaint. Likewise, to the extent that Daniels argues that he should have been allowed to pursue a deliberate-indifference-to-serious-medical-needs claim, Daniels did not raise this claim in his original complaint, which was limited to a claim of deprivation of property. Daniels may not make claims for the first time on appeal.

Daniels argues that the district court should have ruled on his various postjudgment motions before accepting his notice of appeal for filing. Generally, as Daniels acknowledges, the filing of a timely notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals and divests the district court of jurisdiction. See United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979)(en banc). Daniels does not argue that his postjudgment motions were in aid of appeal. His argument that the district court should have postponed filing his notice of appeal until ruling on his postjudgment motions, filed after he submitted to the court his notice of appeal, is without legal support and is factually untenable.

Accordingly, the district court's dismissal of Daniels's complaint is AFFIRMED. The district court's dismissal for failure to state a claim and this court's affirmance of the district court's dismissal count as a single strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Daniels is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal

while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.