**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11851

Non-Argument Calendar

_____

INFINITY GENERAL CONSTRUCTION SERVICES, INC.,

a Florida corporation,

*Plaintiff-Counter Defendant-Appellant,*

*versus*

ARGONAUT INSURANCE COMPANY,

a Foreign corporation,

*Defendant-Appellee,*

CRYSTAL HOSPITALITY, LLC,

a Foreign corporation,

*Defendant-Counter Claimant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01071-CEM-LHP

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Infinity General Construction Services, Inc., ("Infinity") appeals the district court's May 7, 2025, order and judgment granting summary judgment to defendant Argonaut Insurance Company ("Argonaut") as to Infinity's claim against Argonaut. The district court did not certify that order for immediate review. *See* 28 U.S.C. § 1292(b); Fed. R. Civ. P. 54(b).

Argonaut moves to dismiss this appeal because it is not taken from a final judgment. Specifically, Argonaut states that the district court has not yet resolved Infinity's claim against defendant Crystal Hospitality, LLC ("Crystal"). Infinity responds that, after it filed its notice of appeal, on June 23, 2025, it filed a Fed. R. Civ. P. 60 motion for relief from the May 7 order. It asserts that, if the district court grants the motion, then this appeal would stand to be dismissed in favor of the district court's jurisdiction. We granted Infinity's motion to stay the appeal pending the district court's resolution of the Rule 60 motion.

We conclude that we lack jurisdiction over this appeal because the district court never entered a final order. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Specifically, the district court did not resolve Infinity's claim against Crystal or Crystal's counterclaims against Infinity. *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). The May 7 order is not immediately appealable under the collateral order doctrine because it is reviewable on

appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014).

Infinity's pending Rule 60 motion seeking relief from the May 7 order does not affect our conclusion. Infinity did not file its motion within 28 days of the May 7 order, so that motion does not suspend the effectiveness of Infinity's notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e). Further, Infinity does not need to seek an indicative ruling as to its Rule 60 motion because the district court has the authority to grant the motion. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (stating that a district court must follow the indicative-ruling procedures if it lacks the authority to grant a motion that it determines should be granted); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc) (explaining that the filing of a notice of appeal from a nonappealable order does not divest the district court of jurisdiction), *superseded by statute on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985).

Accordingly, the stay of this appeal is LIFTED, Argonaut's motion to dismiss is GRANTED, and this appeal is DISMISSED for lack of jurisdiction.